# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ERIK B. CHERDAK,** | * |
| Plaintiff | * |
| v. | * Civil Case Nos. 05-445 & 05-765 |
| **THE STRIDE RITE CORPORATION, BBC INTERNATIONAL LTD., and BBC INTERNATIONAL LLC,** | * |
| Defendants | * |

## MEMORANDUM OPINION

On February 15, 2005, Plaintiff Erik B. Cherdak filed suit in this Court alleging that the sales of certain shoes by the Stride Rite Corporation infringe his U.S. Patents 5,343,445 and 5,452,269. On March 18, 2005, Plaintiff filed a second, separate suit in this Court, alleging that by acting as a buyer's agent for many of the same shoes, BBC International Ltd. and BBC International, LLC (collectively "BBC") have infringed the same patents. Before this Court now are several motions regarding how these two cases are to be litigated. Stride Rite and BBC, who are represented by the same counsel, have filed nearly identical motions to bifurcate the liability and damages phases of this patent infringement litigation. Stride Rite has also filed a motion to stay its suit, in favor of the suit against BBC, under the customer suit doctrine. In response, Cherdak has filed a cross-motion to consolidate the two cases into one. For reasons to be discussed, the motions to consolidate and to bifurcate will be granted, and the motion to stay will be denied.

The motion to consolidate is effectively unopposed; it was Cherdak who initially chose to sue Stride Rite and BBC separately, and it is Cherdak who now moves to consolidate. BBC and Stride Rite argue that consolidation is not a suitable alternative to staying the Stride Rite suit, but they do not oppose consolidation on its own merits. The two cases involve the same issues, the

same patents, the same counsel, and (for the most part) the same shoes, and Stride Rite and BBC have repeatedly filed nearly-identical motions in their respective cases. It will be more efficient for both the parties and the Court to consider the two suits together, so they will be consolidated by separate order.

Granting the motions to bifurcate will likewise serve the interests of "expedition and economy." Fed. R. Civ. P. 42(b). Calculating damages in this case will require consideration of many legal and factual issues not relevant to the determination of liability. See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970) (enumerating fifteen factors that pertain to the determination of a reasonable royalty). Although Cherdak correctly observes that bifurcation is the exception rather than the rule in civil cases, this Court has "not hesitated to separate the issues of damages and liability in patent suits pursuant to Rule 42(b) in appropriate circumstances," Air-Shields Inc. v. The BOC Group, Inc., Civ. No. 91-2571, 1992 WL 315230, at *2 (D. Md. Feb. 28, 1992). Here, as in Air-Shields, proof of liability and damages are independent, separating the two will not prejudice the Plaintiff, and determination of damages is considerably more than "a simple math problem," Opp. at 8. Defendants' motions to bifurcate will be granted by separate order.

Defendant Stride Rite's Motion to Stay Customer Suit, however, will be denied. Stride Ride argues that under the customer suit doctrine, the suit against it should be stayed in favor of the suit against BBC. See Katz v. Lear Siegler, Inc., 90 F.2d 1459, 1464 (Fed. Cir. 1990). The customer suit doctrine is an exception to the general rule that as between two simultaneous and potentially duplicative lawsuits, the first-filed should be allowed to proceed. See id. The purpose of the doctrine is to allow the "true defendant" in a patent suit—the manufacturer of the allegedly-infringing product, who "as a matter of contract, or good business" has a strong interest in defending its products—to do so. See Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737–38 (1st Cir.

1977). Stride Rite argues that the customer suit doctrine should apply because (1) Stride Rite acquires the vast majority of its allegedly-infringing shoes from BBC, (2) BBC "has the most knowledge about the allegedly infringing products," (3) BBC's incentives are greater, and (4) BBC has agreed to indemnify Stride Rite against claims of patent infringement pertaining to the products it supplies. Mot. at 9. The actual manufacturers of the shoes are Chinese companies that Stride Rite contends are effectively immune to suit; thus, it asserts that BBC is "at the top of the chain of liability." Id. Moreover, BBC's counsel is representing Stride Rite, and Stride Rite has agreed to be bound by any injunction against BBC. Id. at 3 n.3.

Several other factors, however, militate against application of the customer suit doctrine here. Stride Rite is correct that the doctrine has not been strictly applied only to manufacturers, rather than importers or other intermediaries such as BBC. See Rhode Gear U.S.A. v. Frank's Spoke 'n' Wheel, Inc., 225 U.S.P.Q. 1256 (D. Mass. 1985) (applying the customer suit exception to a declaratory judgment action brought by an importer). But Stride Rite is not an ordinary, disinterested customer of finished products. Rather, BBC serves as Stride Rite's agent in negotiating contracts for the manufacture and importation of shoes, Mot. at 2 n.1, and Stride Rite has some role in the design of the allegedly infringing shoes, Opp. at 5–9.

Additionally, the customer suit exception is predominantly a choice-of-forum doctrine. Most customer suit cases involve the question of whether a district court should enjoin a second proceeding in another jurisdiction. E.g., Katz, 909 F.2d at 1462. In this case, however, there is no danger that two courts will come to inconsistent conclusions about the infringement of Cherdak's patents. In articulating the customer suit doctrine, the Codex court noted that "there is no possibility of consolidation or coordination to promote judicial economy." 553 F.2d at 739. Here, consolidation is occurring. Since both defendants are before this Court simultaneously and are jointly represented, this Court anticipates that Stride Rite's liability, if any, can be determined

alongside BBC's with a minimum of additional effort and expense.

Most importantly, the determination of BBC's liability will not entirely determine Stride Rite's liability; not all of Stride Rite's accused products were purchased from BBC. Kraus Aff. ¶ 10. Although it appears that the infringement issues pertaining to these other products are nearly the same as those pertaining to BBC's shoes, the Federal Circuit has noted that "in those cases in which a customer suit exception has been held to favor the forum of the second-filed action, the second action would resolve *all* charges against the customers in the stayed suit." Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (emphasis added). Thus, to the extent that any questions of liability remain as to Stride Rite after BBC's liability is established, applying the customer suit doctrine is inappropriate. More practically, there is no reason to defer until a second proceeding consideration of any additional liability that Stride Rite may have, particularly if the design of any non-BBC shoes is indeed sufficiently similar to the BBC shoes that the infringement analyses will be essentially the same.

For these reasons, the suit against Stride Rite will be allowed to proceed, and Stride Rite's motion to stay will be denied by separate order. As previously discussed, the motions to consolidate and to bifurcate will be granted. Defendant Stride Rite's Motion for Extension of Time to Reply to Plaintiff's Opposition to Defendant's Motion for Separate Trials on Issues of Liability and Damages will be granted nunc pro tunc.

|  |  |
|---|---|
|  10/18/05  |  /s/  |
| Date | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |